Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
*Attorney for Plaintiff, Shimshon Wexler*
*on behalf of himself and all others similarly situated*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
SHIMSHON WEXLER                                   Civil Action No.
on behalf of himself and all others similarly
situated
               Plaintiff,
                                                   **CLASS ACTION**
                                                   **COMPLAINT**
   v.

LVNV FUNDING, LLC; and                           **JURY TRIAL DEMANDED**
RESURGENT CAPITAL SERVICES LP;

               Defendants.
--------------------------------------------------------X

Plaintiff, by and through his counsel, Ryan Gentile, Esq., as and for his complaint against Defendants, on behalf of himself and pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated, alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action to secure redress for the debt collection practices utilized by LVNV Funding, LLC ("LVNV") and Resurgent Capital Services, L.P. ("Resurgent") (collectively the "Defendants") in connection with their attempts to collect an alleged debt from Plaintiff and others similarly situated.

2. Plaintiff alleges that the Defendants' collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA")

1

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. *See generally* 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

4. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. *See* Bentley v Great Lakes Collection Bureau, 6 F.3d 60, 62-63 (2d Cir. 1993).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claim pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue and personal jurisdiction in this District are proper because:

    a. Defendants do a substantial amount business within this District.

    b. Upon information and belief, at least one of the partners of Resurgent resides within this District.

## PARTIES

7. Plaintiff, Shimshon Wexler, is an individual natural person.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. LVNV is a limited liability corporation with its principal place of business located at 55 Beattie Place – Suite 110, Greenville, SC 29601.

10. LVNV is a post-default purchaser of consumer debts. LVNV's business model is to pay less than ten cents on the dollar for an individual's defaulted debt and then seek to collect the full amount of that defaulted debt from the individual.

11. LVNV's website describes LVNV as a corporation that purchases debts after they have been charged off by their original creditor. *See* http://lvnvfunding.com (Last visited February 16, 2022)

12. The principal purpose of LVNV is the collection of debts using the mail and telephone.

13. Debt collection is the principal purpose of LVNV's business.

14. LVNV has no principal purpose other than purchasing defaulted debts and then seeking to collect said debts.

15. Debt collection is LVNV's only business.

16. LVNV is in the business of debt-buying.

17. LVNV exists solely for the purpose of purchasing defaulted debts at a discount and then seeking to collect the full amount of the defaulted debts.

18. LVNV's only business is the purchasing of debts for the purpose of collecting on those debts.

19. LVNV's *raison d'être* is obtaining payment on the debts that it acquires.

20. LVNV does not offer or extend credit or engage in lending, they only purchase defaulted debts at a discount and then attempt to collect said debts.

21. LVNV is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

22. Resurgent Capital Services, LP is a limited partnership with its principal place of business located at 55 Beattie Place, Suite 110, Greenville, SC 29601.

23. The principal purpose of Resurgent is the collection of debts using the mail and telephone.

24. Resurgent regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

25. LVNV's website describes Resurgent as a corporation to whom LVNV "outsources the management of its portfolio of accounts…" and that Resurgent acts as an "Account Administrator" for LVNV. *See* http://lvnvfunding.com (Last visited February 16, 2022).

26. Resurgent is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## **FACTS**

27. Sometime prior November 1, 2019, Plaintiff allegedly incurred a debt to Citibank, N.A. ("Citibank") related to a personal credit card account with an account number ending in 4826 (the "Debt").

28. The alleged Debt arose out of transactions in which the money, property, insurance or services that were the subject of the transactions were primarily for personal, family or household purposes, namely fees alleged to have emanating from a personal credit card account in Plaintiff's name that was issued by Citibank.

29. Plaintiff did not open or use any credit card accounts, including the one Defendants allege he opened with Citibank, for business purposes.

30. Plaintiff's alleged Debt to Citibank is a "debt" as defined by 15 U.S.C. § 1692a(5).

31. Defendants allege that LVNV purchased the Debt.

32. Plaintiff does not concede or agree that he owed the Debt to LVNV or that the Debt was purchased by LVNV from Citibank or any other entity. Plaintiff only alleges that Defendants *claim* that LVNV purchased the Debt after it went into default and that Defendants alleged that Plaintiff once owed the Debt to LVNV.

33. Plaintiff disputes ever owing the Debt to LVNV.

34. Plaintiff denies that arbitration rights, if any, were assigned to Defendants from any entity.

35. Resurgent was never transferred, sold, or assigned any interest or rights with regard to the Debt.

36. Resurgent is not the owner of the Debt or the Plaintiff's creditor, but rather is merely a third-party debt collector with no legal interest or right in the Debt.

37. At all times relevant hereto, Defendants acted in an attempt to collect the Debt.

38. On February 15, 2021, the Plaintiff visited Resurgent's website.

39. Resurgent's website showed he allegedly owed a balance of $4,409.88 on the Debt.

40. Resurgent's website gave the Plaintiff several options to settle the alleged Debt of $4,409.88.

41. One of the options listed on Resurgent's website was to make a one-time payment of $1,322.96 to settle the debt in full. By taking this option, Resurgent stated the Plaintiff would save $3,086.92.

42. The Plaintiff, despite disputing he owed the Debt to LVNV, made this one-time settlement payment of $1,322.96 on February 15, 2021.

43. Resurgent acknowledged in a letter dated February 20, 2021 that they received the settlement payment of $1,322.96 on February 15, 2021.

44. Despite receiving the Plaintiff's payment of $1,322.96 on February 15, 2021, which payment settled the Debt in full, Defendants continued to attempt to collect the Debt from Plaintiff.

45. On February 18, 2021, Defendants sent Plaintiff two letters. The first letter ("Resurgent Letter #1") acknowledged that Resurgent manages the Debt for LVNV and initiated a review of an inquiry they received. Importantly, Resurgent Letter #1 states that the Plaintiff owed a balance of $3,086.92 and, amongst other things, stated that it was an

attempt to collect a debt and that the Plaintiff had 30 days to dispute the Debt or it would be assumed to be valid. (Annexed and attached hereto as **Exhibit A** is a true copy of the Resurgent Letter #1 except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers to protect Plaintiff's privacy)

46. The second letter ("Resurgent Letter #2") provided what Defendants claimed was verification of the Debt to Plaintiff and again stated that the Plaintiff owed $3,086.92. Resurgent Letter #2 also stated that it was an attempt to collect the Debt and provided information where the Plaintiff could contact Defendants to make payment on the $3,086.92 balance they claimed was due. (Annexed and attached hereto as **Exhibit B** is a true copy of the Resurgent Letter #2 except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers to protect Plaintiff's privacy)

47. The reason Resurgent Letters #1 and #2 stated the Plaintiff owed $3,086.92 was because instead of crediting the Plaintiff with making a $1,322.96 payment in full satisfaction of the Debt as per the settlement agreement on Resurgent's website, Defendants instead simply subtracted the $1,322.96 payment Plaintiff made to settle the Debt in full from the previous balance of $4,409.88 ($4,409.88 - $1,322.96 = $3,086.92) and claimed the Plaintiff still owed $3,086.92 instead of the $0 he actually owed since he'd settled the Debt.

48. Defendants simply ignored that the Plaintiff settled the Debt in full through payment of $1,322.96 as per the settlement option on Resurgent's own website and continued to collect the Debt as if the settlement payment was nothing more than a regular payment on account.

49. Defendants mailed the Resurgent Letters #1 and #2 as a part of their efforts to collect the Debt.

50. Plaintiff received Resurgent Letter #1 and Resurgent Letter #2 in the mail.

51. Plaintiff read Resurgent Letter #1 and Resurgent Letter #2 upon receipt of them in the mail.

52. Resurgent Letter #1 and Resurgent Letter #2 were sent in connection with the collection of the Debt.

53. Resurgent Letter #1 and Resurgent Letter #2 both seek to collect the Debt.

54. Resurgent Letter #1 and Resurgent Letter #2 both convey information regarding the Debt including the balance allegedly due of $3,086.92, Reference ID, and requested payment of the Debt.

55. Resurgent Letter #1 and Resurgent Letter #2 are both a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

56. On March 15, 2021, Plaintiff received an email from Resurgent (the "Resurgent Email" (Annexed and attached hereto as **Exhibit C** is a true copy of the Resurgent Email except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers to protect Plaintiff's privacy)

57. The Resurgent Email stated that Plaintiff was "one step closer to being debt free!" meaning he still owed the Debt, that Plaintiff "missed your last payment on the account ending in 4826" and that there were still payment options available to him to pay the Debt that he still owed.

58. Defendants sent the Resurgent Email on March 15, 2021 despite Plaintiff settling the Debt on February 15, 2021.

59. Nothing in the Resurgent Email was true, the Plaintiff had settled the Debt in full one month prior and was in fact debt free to LVNV. In addition, the Plaintiff did not miss any payments since he had settled the Debt because if you owe $0 you can't miss any payments.

60. Defendants sent the Resurgent Email as a part of their efforts to collect the Debt.

61. Plaintiff received the Resurgent Email.

62. Plaintiff read the Resurgent Email upon receipt.

63. The Resurgent Email was sent in connection with the collection of the Debt.

64. The Resurgent Email seeks to collect the Debt.

65. The Resurgent Email conveys information regarding the Debt and requested payment of the Debt.

66. The Resurgent Email is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

67. Prior to Plaintiff making the settlement payment of $1,322.96 on February 15, 2021, Defendants were reporting the Debt on Plaintiff's credit reports and were reporting that the Plaintiff owed $4,409 on the Debt.

68. Sometime in or around March 3, 2021, Defendants updated Plaintiff's credit reports to reflect that his balance was $3,086.

69. Before updating the Plaintiff's credit reports in March of 2021, Defendants reported the amount of the debt owed was $4,409.

70. Defendants, instead of reporting the Debt as being a $0 balance and settled in full, instead simply took the amount Plaintiff paid to settle the debt in full and falsely reported him as still owing $3,086 on the Debt on his credit reports.

71. Plaintiff then had to write a letter to Equifax, Experian and Trans Union and dispute that he owed $3,086 but rather had settled the debt in full and owed $0.

72. Upon information and belief, the false information reported by Defendants that Plaintiff owed $3,086 instead of $0 was seen by other persons or entities.

## CLAIMS FOR RELIEF

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

73. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

74. The conduct of the LVNV and Resurgent in this case violates 15 U.S.C. §§ 1692, 1692d, 1692e and 1692g.

75. 15 U.S.C. §1692d provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt

76. 15 U.S.C. §1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --
>
>> (A) the character, amount, or legal status of any debt;
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

77. 15 U.S.C. §1692g provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following

>information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
>
>(1) the amount of the debt;

78. LVNV and Resurgent violated § 1692d of the FDCPA because their efforts to collect the Debt after Plaintiff settled the Debt in full has the natural consequence of harassing and abusing the Plaintiff in connection with the collection of the Debt. Defendants continued to communicate with the Plaintiff in an attempt to collect the Debt after he settled the debt. In Resurgent Letter #1, Resurgent Letter #2 and the Resurgent Email, the Defendants claimed that Plaintiff did not settle the debt but rather owed $3,086.92 and continued to attempt to collect this amount from Plaintiff. This conduct has the natural consequence of harassing and abusing the Plaintiff in connection with the collection of the Debt, and thus LVNV and Resurgent violated § 1692d.

79. LVNV and Resurgent violated § 1692e(2)(A) of the FDCPA because they made false representations of the amount of the Debt. Defendants made several communications to the Plaintiff on February 18, 2021 and March 15, 2021 claiming that he owed $3,086.92 which was false because Plaintiff owed $0 pursuant to the settlement. Additionally, Defendants made false representations to the credit bureaus in an attempt to collect the Debt. The false representations were that the Plaintiff owed $3,086 in March 2021. This was untrue because Plaintiff had settled the Debt in February 2021 and Defendants knew this when they updated their reporting of the Debt to the credit bureaus.

80. LVNV and Resurgent violated § 1692e(8) of the FDCPA because they communicated credit information which they knew was false. Specifically, Defendants communicated to Equifax, Experian and Trans Union that the Plaintiff owed $3,086 when they updated their reporting in March 2021. This was false because Plaintiff had settled the Debt in

    February and Defendants were aware of this fact. The Plaintiff owed $0 not $3,086, and therefore Defendants communicated credit information about Plaintiff's Debt and the balance of the Debt which they knew to be false.

81. LVNV and Resurgent violated § 1692g because they made failed to correctly state the "amount of the debt" as required by § 1692g(a)(1) in the Resurgent Letter #1. Plaintiff did not owe $3,086.92, he owed $0 because he'd settled the Debt prior to Defendants sending said letter and Defendants even acknowledged receipt of the payment by claiming Plaintiff owed $3,086.92 instead of $4,409.88.

82. LVNV and Resurgent are liable to the Plaintiff and the class members for damages pursuant to 15 U.S.C. § 1692k for their violations of the FDCPA described above.

## CLASS ALLEGATIONS

83. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

84. This action is brought as a class action on behalf of three classes. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

85. Class A consists of (a) all individuals; (b) who were alleged to owe a debt to LVNV; (c) who settled a debt they allegedly owed to LVNV for less than the full balance allegedly owed; (d) and where LVNV and/or Resurgent continued to attempt to collect the difference between the full balance allegedly owed and the amount paid to settle the debt in full; (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

86. Class B consists of consists of (a) all individuals (b) who were alleged to owe a debt to LVNV (c) whose debt(s) were being reported by LVNV and/or Resurgent to Equifax, Experian and/or Trans Union, (d) who settled a debt they allegedly owed to LVNV for less than the full balance allegedly owed; (e) and where LVNV and/or Resurgent continued to report the Debt to Equifax, Experian and/or Trans Union as being owed after the settlement; (f) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

87. The class definitions above may be subsequently modified or refined.

88. The proposed class specifically excludes the United States of America, the states of the Third Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Second Circuit and the United States Supreme Court.

89. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    i. **Numerosity**: Plaintiff is informed and believes and on that basis alleges that the classes defined above are so numerous that joinder of all members of each class would be impracticable. Defendants' conduct involves standardized practices and the sending of form collection letters. Upon information and belief, there are at least 40 members of each class. The exact number of class members of each class is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The classes are ascertainable

       in that the names and addresses of all class members can be identified in business records maintained by Defendants.

  ii. **Common Questions Predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendants' identical conduct particular to the matter at issue; (b) Defendants' violations of the FDCPA, specifically 15 U.S.C. §1692d, §1692e, and §1692g; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

 iii. **Typicality**: Plaintiff's claims are typical of those of the classes they seek to represent. Plaintiff's claims and those of each class members originate from the same conduct, practice, and procedure, on the part of Defendants. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member of each class. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members of each class.

 iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of each class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of each class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class

       members. Plaintiff has retained the services of counsel who are experienced in FDCPA class action litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

  v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Furthermore, a class action is superior for the fair and efficient adjudication of this matter because individual actions are not economically feasible, members of the class are likely to be unaware of their rights or that they were violated, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

    **WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendants for:

1. An order certifying that Counts I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;
2. Adjudging that LVNV and Resurgent violated 15 U.S.C. §§1692d, 1692e, and 1692g;
3. An award of statutory damages for Plaintiff and the classes pursuant to 15 U.S.C. § 1692k;

4. Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
February 17, 2022

By: /s/ Ryan Gentile
_____
Ryan Gentile, Esq.
Attorney for Plaintiff
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (201) 873-7675
rlg@lawgmf.com