UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHIMSHON WEXLER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LVNV FUNDING, LLC and RESURGENT CAPITAL SERVICES LP,<br><br>Defendants. | Civil Action No. 1:22-cv-01348<br><br>**DECLARATION OF PATTI SEXTON** |

Pursuant to 28 U.S.C. § 1746, I, Patti Sexton, hereby declare as follows:

1. I, Patti Sexton, hold the position of Paralegal II for Resurgent Capital Services LP ("Resurgent"). LVNV Funding, LLC ("LVNV") outsources the management of its portfolio of accounts to Resurgent. I am an authorized representative of LVNV. I have personal knowledge regarding LVNV's creation and maintenance of its normal business records, including computer records of consumer accounts. This information was regularly and contemporaneously maintained during the course of LVNV's business and/or the business of the other entities that previously owned the debt of Plaintiff Shimshon Wexler ("Plaintiff") as memorialized in the exhibits hereto.

2. The facts set forth herein are based upon my personal knowledge and review of business records maintained by LVNV in LVNV's ordinary course of business.

3. Some of the records referenced herein, including Exhibits A, B, and C were created by businesses other than LVNV. These records have been incorporated into the business records of LVNV and are relied upon by LVNV in conducting its business.

4. Based on LVNV's business records, the account ending in numbers 4826 (the "Account") is the result of the extension of credit to Plaintiff by Citibank, N.A. ("Citibank").

5. Citibank entered into an agreement to sell receivables in a number of accounts, including Plaintiff's Account, to Sherman Originator III, LLC ("SOLLC III"). Attached hereto as **Exhibit A** is a true and accurate copy of a letter (with Plaintiff's address redacted) dated March 13, 2020 from Citibank to Plaintiff advising him that the Account has been sold to SOLLC III. The Citibank letter further advises Plaintiff that "[e]ffective immediately," he should send any future correspondence to SOLLC III c/o Resurgent. *Id.*

6. Pursuant to the purchase agreement with Citibank, SOLLC III purchased certain outstanding accounts as identified in an electronic file. The individual accounts are described in the electronic file named Brands-Costco-DNC-Bulk_320. Plaintiff's Account is included in the list of individual accounts transferred pursuant to the purchase agreement. Attached hereto as **Exhibit B** is a redacted portion of the list of accounts transferred in the electronic file named Brands-Costco-DNC-Bulk_320.

7. SOLLC III subsequently transferred, sold, assigned, conveyed, granted, and delivered its right, title, and interest to the Account to Sherman Originator LLC ("SOLLC"). Subsequently, SOLLC transferred, sold, assigned, conveyed, granted, and delivered its right, title, and interest to the Account to LVNV.

8. Plaintiff's Account was governed by the Card Agreement. Attached hereto as **Exhibit C** is a true and accurate copy of the Card Agreement (with a portion of the Account number and Plaintiff's address redacted).

9. I am familiar with the recordkeeping practices of LVNV. The documents attached hereto are true and accurate copies of the original business records maintained by LVNV in the course of regularly conducted business activity. These records are kept in the ordinary course of business at or near the time of the act or event reported thereon by a person or persons with

knowledge of and a business duty to record or transmit the matters contained therein. The records referenced herein that were created by entities other than LVNV have been incorporated into the business records of LVNV and are relied upon by LVNV in conducting its business.

    I, Patti Sexton, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*Patti Sexton*
Patti Sexton

Executed on 6/8/2022