UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
SHIMSHON WEXLER                                              Civil Action No. 1:22-cv-01348-PAE
on behalf of himself and all others similarly
situated
                Plaintiff,
    v.

LVNV FUNDING, LLC; and
RESURGENT CAPITAL SERVICES LP;

                Defendants.
--------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY AND TO STAY DEFENDANTS' MOTION TO COMPEL ARBITRATION**

Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
*Attorney for Plaintiffs*

*On the brief:*
Ryan Gentile, Esq.

1

**TABLE OF CONTENTS**

PROCEDURAL POSTURE………………………………………………………………….5

PRELIMINARY STATEMENT……………………………………………………………….5

LEGAL ARGUMENT…………………………………………………………………………7

    **A.** Summary Judgment and Rule 56(d)……………………………………………..7

    **B.** The Purchase Agreement Referenced in Patti Sexton's Declaration Between Citibank and Sherman Originator III, LLC……………………………………………8

    **C.** The Purchase Agreement Referenced in Patti Sexton's Declaration Between Sherman Originator III, LLC and Sherman Originator LLC and Sherman Originator LLC and LVNV………………………………………………………10

    **D.** The Agreement That Covers the Placements of Debts with Resurgent from LVNV Provided Resurgent the Right to Attempt to Collect Plaintiff's Debt……….11

    **E.** Case Law Holds That Plaintiff Is Entitled To The Discovery Requested Above……11

CONCLUSION………………………………………………………………………..11

## TABLE OF AUTHORITIES

## **CASES**

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002)……………………………………………………….…6

Garcia v. Midland Funding, LLC,
    2017 WL 1807563, at *2 (D.N.J. May 5, 2017) *appeal dismissed*
    Garcia v. Midland Funding LLC, 2017 WL 5664865 (3d Cir. Oct. 13, 2017)…………...9

Granite Rock Co. v. Int'l Bhd. of Teamsters,
    561 U.S. 287 (2010)……………………………………………………………………6

Heath v. Virginia Coll., LLC,
    2018 WL 4521027 (E.D. Tenn. Sept. 21, 2018)……………………………………….8

Hellstrom v. U.S. Dep't of Veterans Affairs,
    201 F.3d 94 (2d Cir. 2000)…………………………………………………………….7

Hesse v. Midland Credit Management, Inc., et al,
    2022 WL 503725 (E.D.M.O. Feb 18, 2022)………………………………………….11

Lester v. Portfolio Recovery Assocs., LLC,
    324 F. Supp. 3d 1227 (N.D. Ala. 2018)……………………………………………....10

Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,
    473 U.S. 614 (1985)…………………………………………………………………...6

Nicosia v. Amazon.com, Inc.,
    834 F.3d 220 (2d Cir. 2016)………………………………………………………....5

Paddington Partners v. Bouchard,
    34 F.3d 1132 (2d Cir. 1994)………………………………………………………....8

Prima Paint Corp. v. Flood & Conklin Mfg. Co.,
    388 U.S. 395 (1967)………………………………………………………………....6

Wachovia Bank, N.A. v. VCG Special Opportunities Master Fund, Ltd.,
    661 F.3d 164 (2d Cir. 2011)……………………………………………………….…6

## **STATUTE**

9 U.S.C. § 4……………………………………………………………………………….6

15 U.S.C. § 1692……………………………………………………………………………5

## **RULES**

Fed. R. Civ. P. 56(d)……………………………………………………………………….5, 8, 11

Fed. R. Civ. P. 56(d)(2)…………………………………………………………………...8

Plaintiff, Shimshon Wexler ("Plaintiff"), by and through his undersigned counsel, hereby submits this Memorandum in Support of his motion for an Order allowing him to take discovery and to stay Defendants' motion to compel arbitration until such discovery is complete, and for such other, further, and different relief that the Court deems just and proper.

## PROCEDURAL POSTURE

On February 17, 2022, Plaintiff filed the instant action against Defendants LVNV Funding, LLC ("LVNV") and Resurgent Capital Services, LP ("Resurgent")(collectively, the "Defendants") seeking redress for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA"). On May 12, 2022, LVNV and Resurgent filed a Motion to Compel Arbitration (Dkt. No. 15, *et seq*.)(the "Motion"). On May 26, 2022, Plaintiff filed an opposition to Defendants' Motion (Dkt. No. 17) (the "Opposition"). On June 8, 2022, Defendants' filed a reply brief to Plaintiff's Opposition (Dkt. No. 20)(the "Reply Brief").

Plaintiff, for the reasons set forth herein, now seeks, pursuant to Fed. R. Civ. P. 56(d) to take discovery needed to properly oppose the Defendants' Motion, and to stay Defendants' motion to compel arbitration until such discovery is complete. The reason Plaintiff makes this motion under Rule 56(d) now, after Defendants' Reply Brief, is because in Defendants' Reply Brief contained declarations and information that were not included in their original Motion. Had Defendants submitted the same information in their Motion that they did in their Reply Brief, Plaintiff would have made this instant motion prior to filing their Opposition.

## PRELIMINARY STATEMENT

In evaluating a motion to compel arbitration, "**courts apply a 'standard similar to that applicable for a motion for summary judgment**.'" Nicosia v. Amazon.com, Inc., 834 F.3d 220, 229 (2d Cir. 2016)(emphasis added). Therefore, courts "consider all relevant, admissible

5

evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with. . . affidavits," id. (Emphasis Added) (*quoting* Chambers v. Time Warner, Inc.*,* 282 F.3d 147, 155 (2d Cir. 2002)), and "must draw all reasonable inferences in favor of the non-moving party," id. (citing Wachovia Bank, N.A. v. VCG Special Opportunities Master Fund, Ltd.,661 F.3d 164, 171 (2d Cir. 2011)).

When asked by a party to compel arbitration under a contract, a federal court must determine whether the parties agreed to arbitrate the dispute at issue. *See* Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc., 473 U.S. 614, 626 (1985). If the district court is satisfied that the agreement to arbitrate "is not in issue," it must compel arbitration. Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403 (1967). However, "a court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate *that dispute*." Granite Rock Co. v. Int'l Bhd. of Teamsters, 561 U.S. 287, 297 (2010). "To satisfy itself that such agreement exists, the court must resolve any issue that calls into question the formation or applicability of the specific arbitration clause that a party seeks to have the court enforce." Id. As especially critical here, "If the making of the arbitration agreement…be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4.

For the reasons set forth herein, Plaintiff seeks discovery needed to effectively challenge the threshold issue of whether Defendants can compel arbitration. Specifically, as discussed *infra*, Plaintiff seeks:

1. The "purchase agreement" whereby Citibank allegedly sold Plaintiff's account to Sherman Originator III, LLC. This alleged purchase agreement is referenced in Paragraphs 5 and 6 of the Declaration of Patti Sexton (Dkt. No. 20-1). The declaration of

6

Patti Sexton was not a part of Defendant's original Motion but was submitted for the first time with Defendants' Reply Brief.

2. The agreement whereby Sherman Originator III, LLC allegedly sold Plaintiff's account to Sherman Originator LLC. This alleged sale is referenced in Paragraph 7 of the Declaration of Patti Sexton (Dkt. No. 20-1).

3. The agreement whereby Sherman Originator LLC allegedly sold Plaintiff's account to LVNV. This alleged sale is referenced in Paragraph 7 of the Declaration of Patti Sexton (Dkt. No. 20-1).

4. The agreement between LVNV and Resurgent covering the placement of debts with Resurgent and providing Resurgent the right to collect Plaintiff's alleged debt.

As detailed below, the discovery requested is needed to properly oppose Defendants' Motion after Defendants improperly introduced declarations and information for the first time in their Reply Brief. In their Reply Brief, Defendants alleged that Plaintiff's Account was sold by Citibank to Sherman Originator III, LLC who then sold it to Sherman Originator LLC, who then sold it to LVNV. The evidence Plaintiff seeks is necessary to determine what rights were allegedly sold and/or transferred in chain of title alleged by Defendants in their Reply Brief.

## LEGAL ARGUMENT

### A. Summary Judgment and Rule 56(d).

"Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery. Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000)

Federal Rule of Civil Procedure 56(d)(2) provides that if a "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may . . . allow [the party] time to obtain affidavits or declarations or to take discovery." An affidavit submitted pursuant to Rule 56(d) must include: (i) the nature of the uncompleted discovery; (ii) how the facts sought are reasonably expected to create a genuine issue of material fact; (iii) what efforts the party has made to obtain those facts; and (iv) why those efforts were unsuccessful. Paddington Partners v. Bouchard, 34 F.3d 1132, 1138 (2d Cir. 1994).

Rule 56(d) applies equally to motions to compel arbitration. See Heath v. Virginia Coll., LLC, 2018 WL 4521027, at *4 (E.D. Tenn. Sept. 21, 2018) ("Because the standard on a motion to compel mirrors that of a motion for summary judgment, the Magistrate Judge turned to Federal Rule of Civil Procedure 56(d) and related Sixth Circuit precedent in evaluating Plaintiff's argument that additional discovery is needed.")

**B. The Purchase Agreement Referenced in Patti Sexton's Declaration Between Citibank and Sherman Originator III, LLC.**

Plaintiff seeks discovery in the form of the purchase agreement between Citibank and Sherman Originator III, LLC referenced in paragraphs 5 and 6 of the Declaration of Patti Sexton. According to the Declaration of Patti Sexton, Plaintiff's alleged debt was sold by Citibank to Sherman Originator III, LLC, who then allegedly sold Plaintiff's debt to Sherman Originator LLC, who then allegedly sold Plaintiff's debt to LVNV.

LVNV should be compelled to produce the "purchase agreement" between Citibank and Sherman Originators III LLC referenced in Paragraphs 5 and 6 of the Declaration of Patti Sexton (Dkt. No. 20-1) because it is the purported document that transferred any right of Citibank in Plaintiff's alleged debt, including any arbitration rights, to Sherman Originators III LLC.

There are discrepancies over whether the sale between Citibank and Sherman Originator III LLC was a "true sale," and further discovery is needed uncover what, if any, rights under the credit card agreement were conveyed, assigned, and/or purchased by Sherman Originators III LLC from Citibank. The affidavit of Patti Sextons states that only the receivables were sold by Citibank to Sherman Originators III LLC (*See* Dkt. 20-1 at Paragraph 5). If only the receivables were sold, this would mean that other rights, including the right to compel arbitration, were not sold to Sherman Originators III LLC. This would mean those same arbitration rights could not have been sold to Sherman Originator LLC who could not have sold them to LVNV.

The purchase agreement between Citibank and Sherman Originators III LLC is relevant to this case because Defendants are relying on the purchase agreement as containing relevant information as to the alleged rights sold from Citibank to Sherman Originators III LLC. This is the first transfer is the alleged assignment chain from Citibank to LVNV. Without this purchase agreement, it is impossible to determine what rights in Plaintiff's alleged debt (including those pertaining to arbitration) were allegedly sold from Citibank to Sherman Originators III LLC. If arbitration was not one of those rights sold, then Sherman Originators III LLC could never have sold arbitration rights to Sherman Originator who in turn could never have sold arbitration rights to LVNV.

Whether the terms and conditions in the controlling Purchase Agreement did or did not confer any rights to arbitration to Sherman Originators III LLC and whether Defendants can or cannot compel arbitration is a threshold question to whether arbitration can be compelled. *See* Garcia v. Midland Funding, LLC, No. CV 15-6119- (RBK/KMW), 2017 WL 1807563, at *2 (D.N.J. May 5, 2017) *appeal dismissed* Garcia v. Midland Funding LLC, No. 17-2104, 2017 WL 5664865 (3d Cir. Oct. 13, 2017). LVNV has intentionally concealed this the purchase agreement

between Citibank and Sherman Originator III, LLC from Plaintiff and the Court, which should not be permitted given its relevancy that it governs the terms of the purported sale. *See e.g.* Lester v. Portfolio Recovery Assocs., LLC, 324 F. Supp. 3d 1227, 1236 (N.D. Ala. 2018).

Thus, the purchase agreement referenced in Paragraphs 5 and 6 of the Declaration of Patti Sexton is an important and controlling document that the Defendants are attempting to rely upon, and Plaintiff is entitled to discovery of same. Finally, Plaintiff has not been able to take any efforts to obtain the purchase agreement because Defendants did not attach it to their Motion or Reply Brief and no discovery order has been entered which would allow for Plaintiff to compel Defendants to turn over the purchase agreements. Through this motion, Plaintiff seeks an order allowing for the production of the purchase agreement.

## C. The Purchase Agreement Referenced in Patti Sexton's Declaration Between Sherman Originator III, LLC and Sherman Originator LLC and Sherman Originator LLC and LVNV

For the same reasons stated above regarding the purchase agreement between Citibank and Sherman Originator III LLC, Plaintiff is also entitled to the other sale/purchase agreements between Sherman Originator III, LLC and Sherman Originator LLC and Sherman Originator LLC and LVNV that are referenced in Paragraph 7 of the declaration of Patti Sexton.

## D. The Agreement That Covers the Placements of Debts with Resurgent from LVNV Provided Resurgent the Right to Attempt to Collect Plaintiff's Debt.

Resurgent's argument for why they may compel arbitration is that they were acting on LVNV's behalf. Plaintiff and his counsel, have no access to the agreement that covers the placements of debts with Resurgent from LVNV which allegedly provided Resurgent the right to attempt to collect Plaintiff's debt, and have no knowledge of its contents. Therefore, Plaintiff, and his counsel, do not know the legal relationship between Resurgent and LVNV in this instant action. Resurgent should not be permitted to omit from production the document that determines

the legal relationship between the Defendants. Any such document is material and should be submitted for discovery to Plaintiff.

### E.  Case Law Holds That Plaintiff Is Entitled To The Discovery Requested Above.

In <u>Hesse v. Midland Credit Management, Inc., et al</u>, 2022 WL 503725 (E.D.M.O. Feb 18, 2022), the Court granted a Plaintiff's Rule 56(d) motion under materially identical circumstances. In <u>Hesse</u>, the Plaintiff sought discovery prior to responding to a motion to compel arbitration in an FDCPA case. The Court granted Plaintiff's motion with respect to their requests for a purchase agreement and the production of the agreement between the debt buyer who supposedly purchase the debt and the debt collector hired to collect the debt. These are the same two things that Plaintiff is requesting herein (purchase agreements and agreement between LVNV and Resurgent).

The only difference between <u>Hesse</u> and this matter is that Defendants in this matter did not submit any documents with their Motion and waited until their Reply Brief to submit the Declaration of Patti Sexton which contained information not included in their original Motion. Therefore, it is respectfully submitted that this Court follow the Hesse court and grant Plaintiff's Rule 56(d) motion.

## CONCLUSION

For the reasons set forth herein, the Court should grant Plaintiff's motion for an Order allowing him to take discovery of the four items referenced above and to stay the Defendants' motion to compel arbitration until such discovery is complete, and for such other, further, and different relief that the Court deems just and proper, including allowing Plaintiff to file a sur-reply to Defendants Reply Brief because of the new information and documents submitted by Defendants for the first time in their Reply Brief.

Dated: July 8, 2022

                              The Law Offices of Gus Michael Farinella, PC

                              /s/ Ryan Gentile  
By:_____  
                              Ryan Gentile, Esq.  
                              110 Jericho Turnpike – Suite 100  
                              Floral Park, NY 11001  
                              Tel: 516-326-2333  
                              rlg@lawgmf.com