UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Shimshon Wexler, on behalf of himself and all others similarly situated,<br><br>         Plaintiff,<br><br> - against -<br><br>LVNV FUNDING, LLC and RESURGENT CAPITAL SERVICES LP,<br><br>         Defendants. | Civil Action No. 1:22-cv-01348 |

**OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY AND TO STAY DEFENDANTS' MOTION TO COMPEL ARBITRATION**

**GORDON REES SCULLY MASUKHANI, LLP**
1 Battery Park Plaza, 28th Floor
New York, NY 10004
Telephone: (973) 549 2500
Fax: (973) 377 1911
*Attorneys for Defendants LVNV Funding, LLC and Resurgent Capital Services LP*

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

    I.      Plaintiff Should be Compelled to Arbitrate His Claims Now ................................. 1

           A.      Plaintiff Has Not Bet His Burden of Proving That An Arbitration
                 Agreement Does Not apply .......................................................................... 1

           B.      Discovery Is Unnecessary ............................................................................ 3

CONCLUSION ................................................................................................................................ 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Fraternal Order of Police, Lodge 1 v. City of Camden*,
  842 F.3d 231 (3rd Cir. 2016) ................................................................................................ 2

*Green Tree Fin. Corp.-Ala. v. Randolph*,
  531 U.S. 79 (2000) ................................................................................................................ 3

*Hesse v. Midland Credit Management, Inc.*,
  No. 4:21-cv-00591, 2022 WL 503725  (E.D. Mo. Feb. 18, 2022) ........................................ 3

*Heyman v. Citimortgage, Inc.*,
  No. 14-1680, 2019 WL 2642655 (D.N.J. June 27, 2019) ..................................................... 2

*Hines v. Overstock.com, Inc.*,
  380 F. App'x 22 (2d Cir. 2010) ............................................................................................. 2

*In re Sia*,
  No. 10-41873, 2013 WL 4547312 (Bankr. D.N.J. Aug. 27, 2013) ....................................... 2

*Meyer v. Uber Techs., Inc.*,
  868 F.3d 66 (2d Cir. 2017) .................................................................................................... 2

*United States v. Duncan*,
  919 F.2d 981 (5th Cir. 1990) ................................................................................................ 2

*Washington Central Railroad Co., Inc. v. National Mediation Board*,
  830 F.Supp. 1343 (E.D. Wash. 1993) ................................................................................... 2

**Statutes**

15 U.S.C. § 1692d-g ................................................................................................................... 1

Fed. R. Evid. 803(6) ................................................................................................................... 3

**PRELIMINARY STATEMENT**

The arguments raised in Plaintiff Shimshon Wexler ("Plaintiff")'s Motion for Leave to Take Limited Discovery and to Stay Defendants' Motion to Compel Arbitration not only contradict the allegations raised in his Complaint, but they were already addressed in Defendants' reply in further support of their Motion to Compel Arbitration. When opposing Defendants' Motion to Compel Arbitration, Plaintiff at no point disputed the validity of the credit card agreement governing his Citibank, N.A. ("Citibank") credit card account, which contains an arbitration provision. Significantly, Plaintiff alleges that Defendants LVNV Funding, LLC ("LVNV") and Resurgent Capital Services LP ("Resurgent") (collectively "Defendants") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d-g ("FDCPA") by attempting to collect the debt after he submitted a one-time settlement payment to Resurgent. His entire Complaint is premised upon Defendants' having the contractual authority to settle the debt in the first place. Conducting discovery regarding the chain of ownership of the underlying debt is unnecessary.

**ARGUMENT**

I.  **Plaintiff Should be Compelled to Arbitrate His Claims Now.**

   A.  **Plaintiff Has Not Met His Burden of Proving That An Arbitration Agreement Does not Apply.**

Defendants' reply in support of its Motion to Compel Arbitration did not provide new evidence as Defendants' initial moving papers included the credit card agreement at issue. Plaintiff's opposition to the Motion to Compel Arbitration did not dispute that the credit card agreement included with Defendants' initial moving papers controlled; Plaintiff only complained about the authentication of the credit card agreement. With their reply, Defendants produced a declaration from Patti Sexton further authenticating the credit card agreement. (See Dkt 20-1).

The party seeking to compel arbitration has the burden of establishing that an arbitration agreement exists although "[t]his burden does not require the moving party to show initially that the agreement would be *enforceable*, merely that one existed." *Hines v. Overstock.com, Inc.*, 380 F. App'x 22, 24 (2d Cir. 2010) (emphasis in original). In the within matter, Defendants clearly demonstrated that an arbitration agreement exists. Plaintiff acknowledges that he opened a credit card with an account number ending in 4826 issued by Citibank. (See Dkt 1, Complaint ¶¶ 27-28). The credit card agreement produced by Defendants, which includes an arbitration provision, is addressed to Plaintiff and identifies the account number ending in 4826. The credit card agreement clearly applies to the debt at issue.

Furthermore, when deciding a motion to compel arbitration, the court need only apply a standard "similar" to the standard that applies to motions for summary judgment. *Meyer v. Uber Techs., Inc.* 868 F.3d 66, 74 (2d Cir. 2017). At the summary judgment stage, "the party proffering the declaration only need to show that the facts presented are 'capable of being admissible at trial' for them to be considered for summary judgment." *Heyman v. Citimortgage, Inc.*, 2019 WL 2642655, at *17 (D.N.J. June 27, 2019) (citing *Fraternal Order of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238 (3d Cir. 2016)). Sexton's declaration meets that low threshold because Sexton relied upon LVNV's business records as well as records from previous owners of Plaintiff's debt in making the Declaration. It is well established that "'personal knowledge can come from review of the contents of files and records.'" *In re Sia*, 2013 WL 4547312, at *5 (Bankr. D.N.J. Aug. 27, 2013) (quoting *Washington Central Railroad Co., Inc. v. National Mediation Board*, 830 F.Supp. 1343, 1353 (E.D. Wash. 1993)). The simple fact that some of the records were not created by LVNV is inconsequential. *United States v. Duncan*, 919 F.2d 981, 986 (5th Cir. 1990) (stating that there is "no requirement that the [business] records be

2

created by the business having custody of them."). Sexton notes that exhibits to her declaration were created by businesses other than LVNV. (See Dkt 20-1, Sexton Dec. at ¶ 3). Nevertheless, Sexton states that these records have been incorporated into LVNV's records and "are relied upon by LVNV in conducting its business." *Id.* The business records exception to hearsay applies, as the credit card agreement is a business record pursuant to Fed. R. Evid. 803(6).

The party resisting arbitration bears the burden of showing that the arbitration agreement is invalid or does not encompass the claims at issue. *Green Tree Fin. Corp.-Ala. V. Randolph*, 531 U.S. 79, 92 (2000). Here, Plaintiff has failed to make any such showing. In the declaration submitted in support of his moving papers, Plaintiff asserts for the first time: "I do not believe that the Credit Agreement attached to the affidavit of Patti Sexton is a true and accurate copy and the alleged card agreement I entered with Citibank." (See Dkt 23, Wexler Decl. ¶ 8). If Plaintiff does not "believe" that credit card agreement is a "true and accurate copy" – whatever that may mean, then what credit card agreement did Plaintiff enter with Citibank? Tellingly, Plaintiff has not provided the Court with the credit card agreement that he believes he applies. Nor does Plaintiff indicate whether that credit card agreement, if it even exists, includes an arbitration provision. As arbitration provisions are standard in credit card agreements, the reason why Plaintiff has failed to provide this information is obvious. Plaintiff certainly has not met his burden of proving that this matter should not be submitted to arbitration.

    **B.**    **Discovery Is Unnecessary.**

Plaintiff's request for discovery regarding the ownership of the debt is a red herring. The case upon which Plaintiff relies to request limited discovery, *Hesse v. Midland Credit Management, Inc.*, No. 4:21-cv-00591, 2022 WL 503725 (E.D. Mo. Feb. 18, 2022), is clearly distinguishable from the within matter. In *Hesse*, the plaintiff did *not* allege that the defendants

3

failed to honor a settlement agreement regarding the debt. In the within matter, Plaintiff's alleged payment to Resurgent on February 15, 2021 to settle the debt with LVNV, which is the foundation of his *entire* Complaint, is premised on there being an assignment of the debt from Citibank to LVNV. Now, Plaintiff argues that he does not admit to ever owing money to LVNV, yet he agreed to pay LVNV to settle the debt. If Plaintiff did not owe any money to LVNV, why did Plaintiff make that payment? What authority would LVNV have to settle the debt if there was no assignment? Plaintiff is asserting an FDCPA claim based on Defendants' alleged failure to honor a settlement agreement to pay off the debt. Plaintiff cannot simultaneously argue that Defendants failed to honor his settlement agreement to pay off the debt while claiming that they could not extend that offer to settle the debt in the first place. Additionally, the Sexton declaration demonstrates that Plaintiff's debt was assigned to LVNV. (See Dkt 20-1, Sexton Dec. at ¶ 7).

## CONCLUSION

Based upon the foregoing, Defendants respectfully request that Plaintiff's Motion for Leave to Take Limited Discovery and to Stay Defendants' Motion to Compel Arbitration be denied.

Dated: July 22, 2022

**GORDON REES SCULLY MANSUKHANI, LLP**
*Attorneys for Defendants LVNV Funding, LLC and Resurgent Capital Services LP*

By: ___/s/ *Peter G. Siachos*___
Peter G. Siachos, Esq.
1 Battery Park Plaza, 28th Floor
New York, NY 10004
Telephone: (973) 549-2500
Facsimile: (973) 377-1911
E-mail: psiachos@grsm.com