UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHIMSHON WEXLER, *Individually and on Behalf of All Others Similarly Situated*,

                                    Plaintiff,

                  -v-

LVNV FUNDING, LLC, and RESURGENT CAPITAL SERVICES LP,

                                    Defendants.

---

22 Civ. 1348 (PAE)

OPINION & ORDER

**PAUL A. ENGELMAYER, District Judge:**

This decision resolves a motion to compel discovery pursuant to Federal Rule of Civil Procedure 56(d).  Plaintiff Shimshon Wexler moves for an order directing defendants LVNV Funding, LLC ("LVNV") and Resurgent Capital Services LP ("Resurgent") (collectively, "Defendants") to produce four agreements he argues are necessary to evaluate Defendants' pending motion to compel arbitration.  Defendants there seek to compel Wexler to arbitrate his claim, on behalf of a putative class, that their debt collection practices violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  For the foregoing reasons, the Court grants Wexler's motion and orders Defendants to produce the requested agreements.

**I.      Background**

The following summary captures the limited facts relevant to this discovery motion.[1]  Sometime before November 1, 2019, Wexler incurred a debt to Citibank on his personal credit

---

[1] The summary is drawn from the Complaint, Dkt. 1 ("Cpt."), and from a memorandum of law and documents Defendants submitted with their motion to compel arbitration, Dkt. 15, and their reply in further support of that motion, Dkt. 20.  "While it is generally improper to consider documents not appended to the initial pleading or incorporated in that pleading by reference in the context of a Rule 12(b)(6) motion to dismiss, it is proper (and in fact necessary) to consider such extrinsic evidence when faced with a motion to compel arbitration."  *Purcell v. Navient*

card account, based on personal, family, or household transactions. Cpt. ¶¶ 27–28. On February

17, 2022, Wexler filed a Complaint claiming that Defendants violated the FDCPA by harassing

him, making false or misleading representations in connection with debt collection, and failing to

notify him of the amount of the outstanding debt. *See generally id.* (citing 15 U.S.C. §§

1692(d)–(e), (g)). Although he made one payment on LVNV's website, *id.* ¶¶ 38–44, Wexler

disputes that "he owed the Debt to LVNV or that the Debt was purchased by LVNV from

Citibank or any other entity," *id.* ¶ 32, and that "Resurgent was []ever transferred, sold, or

assigned any interest or rights with regard to the Debt," *id.* ¶ 35.

On May 12, 2022, Defendants moved to compel arbitration and to dismiss, Dkt. 15, and

filed, in support, a memorandum of law, an attorney declaration, and an exhibit: a copy of the

Wexler-Citibank Agreement (the "Citibank Agreement"[2]). On May 13, 2022, the Court set a

briefing schedule. Dkt. 16. On May 26, 2022, Wexler opposed the motion to compel arbitration.

Dkt. 17 ("Pl. Opp."). On June 8, 2022, Defendants timely replied, Dkt. 20 ("Def. Reply"), after

requesting, Dkt. 18, and receiving, Dkt. 19, an extension from the Court. With the reply,

Defendants filed the affidavit of Resurgent paralegal Patti Sexton discussing agreements between

Citibank and its alleged assignees. Dkt. 20 at Ex. 1 ("Sexton Affidavit" or "Sexton Aff.").

According to the Sexton Affidavit, the following four transactions occurred among Citibank and

the assignees: (1) Citibank entered an agreement to sell receivables in a number of accounts,

including Wexler's, to Sherman Originator III, LLC, *id.* ¶ 5; (2) Sherman Originator III, LLC

---

*Sols., LLC*, No. 18 Civ. 6045 (CS), 2019 WL 188693 at *2 (S.D.N.Y. Jan. 14, 2019) (quoting
*B.S. Sun Shipping Monrovia v. Citgo Petroleum Corp.*, No. 06 Civ. 839, 2006 WL 2265041, at
*3 n.6 (S.D.N.Y. Aug. 8, 2006)) (considering documents submitted by parties in dispute as to
existence of arbitration agreement between parties).

[2] In citing to the Citibank Agreement, the Court uses the exhibit's Bates numbering, rather than
the document's internal numbering.

transferred its interest in Wexler's account to Sherman Originator LLC, *id.* ¶ 7; (3) Sherman

Originator LLC transferred its right to LVNV, *id.*; and (4) LVNV outsourced management of its

portfolio of accounts to Resurgent, *id.* ¶ 1.  With the Sexton Affidavit, Defendants attached a

letter from Citibank to Wexler stating that it had sold his loan balance to Sherman Originator III,

LLC, *id.* at Ex. A ("Citibank Letter"), an electronic file showing the accounts transferred in the

Citibank-Sherman Originator III, LLC transaction, (the "Electronic File"), *id.* at Ex. B, and a

second copy of the Citibank Agreement, *id.* at Ex. C.

On July 8, 2022, Wexler moved for discovery pursuant to Rule 56(d) and to stay the

motion to compel arbitration, Dkt. 21 (the "Motion"), filing, in support, a memorandum of law

and affidavit, Dkts. 22–23.  He seeks four agreements: (1) the "purchase agreement" whereby

Citibank sold his account to Sherman Originator III, LLC; (2) the agreement whereby Sherman

Originator III, LLC sold his account to Sherman Originator LLC; (3) the agreement whereby

Sherman Originator LLC sold his account to LVNV; and (4) the agreement between LVNV and

Resurgent covering the placement of his debt with Resurgent and authorizing Resurgent to

collect from him.  Dkt. 22.  On July 8, 2022, the Court directed Defendants to respond by July

22, 2022, and held the motion to compel arbitration in abeyance, pending resolution of the

motion for discovery.  Dkt. 24.  On July 22, 2022, Defendants opposed the motion for discovery.

Dkt. 25 ("Def. Opp.").

## II.    Discussion

### A.    Applicable Legal Standards

In evaluating a motion to compel arbitration, courts apply "a 'standard similar to that

applicable for a motion for summary judgment'" under Rule 56. *Nicosia v. Amazon.com, Inc.*,

834 F.3d 220, 229 (2d Cir. 2016) (quoting *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir.

2003)).  That standard requires courts to "consider all relevant, admissible evidence submitted by

the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . the affidavits." *Id.* (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 155 (2d Cir. 2002) (ellipses in original)).

Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). District courts have discretion over discovery rulings, including under Rule 56. *See Moccia v. Saul*, 820 F. App'x 69, 70 (2d Cir. 2020) (summary order); *see also Walden v. Sanitation Salvage Corp.*, No. 14 Civ. 112 (ER), 14 Civ. 7759 (ER), 2015 WL 1433353, at *2 (S.D.N.Y. Mar. 30, 2015) (same). "A party seeking to delay resolution of a summary judgment motion on grounds that he has been deprived of certain discovery materials 'must show that the material sought is germane to the defense, and that it is neither cumulative nor speculative, and a bare assertion that the evidence supporting a plaintiff's allegations is in the hands of the defendant is insufficient.'" *Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 151 (2d Cir. 2016) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994)).

**B.    Application**

Wexler seeks discovery that is centrally relevant to the motion to compel arbitration. Defendants argue that Wexler's debt was assigned to them, that they are "connected with" Citibank, and that they are third-party beneficiaries of the Citibank Agreement, such that Wexler's FDCPA claim is within the scope of the Citibank Agreement's arbitration provision. *See* Dkt. 15 at 9–13; Def. Reply at 3–6. Opposing the motion to compel, Wexler proposes to show that the arbitration provision to which he bound himself in the Citibank Agreement does not run to Defendants. *See Begonja v. Vornado Realty Tr.*, 159 F. Supp. 3d 402, 409 (S.D.N.Y.

2016) (once party moving to compel arbitration makes a *prima facie* showing that an agreement to arbitrate existed, opposing party "bears the burden of showing the agreement to be inapplicable or invalid"). Wexler proposes to do so by analyzing the putative transfers of his debt on which Defendants rely in asserting that Wexler is bound to arbitrate with them. *See, e.g.*, Pl. Opp. at 21–24 (arguing that Defendants are not assignees of Citibank's); *id.* at 29–41 (arguing that Defendants are not third-party beneficiaries of the Citibank Agreement); Motion at 9–11. To analyze this issue ably and to make such an argument, however, Wexler requires the requested agreements, to which he was not a party.

The centrality of the requested agreements to the pending motion to compel distinguishes this case from those in which the discovery sought under Rule 56(d) was held insufficiently relevant. *See, e.g.*, *Timsina v. United States*, 835 F. App'x 633, 634–35 (2d Cir. 2020) (summary order) (depositions directed toward uncovering the Food and Nutrition Services' internal procedures not germane to whether market had engaged in Supplemental Nutrition Assistance Program ("SNAP") benefits trafficking—the issue at summary judgment); *Loma Deli Grocery Corp. v. United States*, No. 20 Civ. 7236 (JPC), 2021 WL 4135216, at *11–12 (S.D.N.Y. Sept. 10, 2021) (denying further discovery into Food and Nutrition Services' internal procedures and systems case did not turn on reliability of agency's investigative tools but on whether plaintiffs could disprove the SNAP trafficking charges). This case differs, too, from those finding under Rule 56(d) that the discovery sought, even if relevant, would not give rise to a genuine issue of material fact. *See, e.g.*, *Melton v. Malcolm Shabbaz, L.P.*, No. 18 Civ. 8111 (SDA), 2021 WL 535661, at *7 (S.D.N.Y. Feb. 12, 2021) (denying further discovery where it was not reasonably expected to raise a genuine issue of material fact); *Leckie v. Robinson*, No. 17 Civ. 8727 (PGG) (BCM), 2020 WL 5238602, at *9 (S.D.N.Y. Feb. 6, 2020), *report and recommendation adopted*,

2020 WL 2114846 (S.D.N.Y May 4, 2020) (same). Here, Wexler's discovery request has the capacity to influence the outcome of the motion to compel arbitration. For one, Defendants may prove unable to produce one or more of these agreements, leaving unsubstantiated the claims in the Sexton Affidavit as to their existence or contents. For another, on review, one or more of these agreements may not accord with, or may undermine, Defendants' claim to have a contractual entitlement to enforce the Citibank Agreement's arbitration provision.

Three additional factors support granting Wexler's motion to compel discovery. First, Defendants exclusively possess the evidence of their contractual relationship with Citibank and its assignees. Rule 56(d) "discovery and inspection [are] necessary [where] most of the allegedly material facts are largely or exclusively in the possession of defendants." *Berne St. Enters., Inc. v. Am. Export Isbrandsten Co.*, 289 F. Supp. 195, 196–97 (S.D.N.Y. 1968) (analyzing predecessor to Rule 56(d)); *cf. Dist. 15, Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Numberall Stamp & Tool Co.*, 658 F. Supp. 648, 651 (S.D.N.Y. 1987) (denying summary judgment under Rule 56(e) and directing discovery on issue of two corporations' relationship). "Rule 56[d][3] is to be liberally construed," *see Elliott Assocs., L.P. v. Republic of Peru*, 961 F. Supp. 83, 86 (S.D.N.Y. 1997), yet Defendants have provided documentation relating to only one of the transfers they claim occurred with respect to Wexler's debt, *see* Sexton Aff. ¶¶ 5–6. The production of the remainder is necessary to give Wexler access to materials pivotal to assessing the motion to compel arbitration.

---

[3] The 2010 Amendment to the Federal Rules of Civil Procedure moved the discussion of the procedure for seeking additional discovery in response to a summary judgment motion from 56(f) to 56(d). *See* Advisory Committee Note to Fed. R. Civ. P. 56 ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)."); *Purchase Partners, LLC v. Carver Fed. Sav. Bank*, No. 09 Civ. 9687 (JMF), 2013 WL 1499417, at *8 n.3 (S.D.N.Y. Apr. 10, 2013) (discussing same).

Second, there has been no prior discovery in this case. Courts evaluating Rule 56(d) motions have distinguished between situations where discovery has not been conducted and those where a party, having taken discovery, seeks to enlarge discovery. *See, e.g., Desclafani v. Pave-Mark Corp.*, No. 06 Civ. 46389 (HBP), 2008 WL 3914881, at *7 (S.D.N.Y. Aug. 22, 2008) (quoting *Crystalline H2O, Inc. v. Orminski*, 105 F. Supp. 2d 3, 6–7 (N.D.N.Y. 2000)); *see also CCO Condo Portfolio (AZ) Junior Mezzanine, LLC v. Feldman*, No. 21. Civ. 2508 (ER), 2022 WL 3867910, at *4–5 (S.D.N.Y. Aug. 30, 2022) (distinguishing between Rule 56(d) motions seeking initial versus additional discovery); *Marin v. Apple-Metro, Inc.*, Nos. 12 Civ. 5274 (ENV) (CLP), 13 Civ. 1417 (ENV) (CLP), 2020 WL 6157011, at *4 (E.D.N.Y. Oct. 21, 2020) (same). Wexler did not "make[] a strategic choice to forgo discovery early in litigation" or fail to take the discovery he seeks during a discovery phase. *Cf. Sullivan-Mestecky v. Verizon Commc'ns Inc.*, No. 14 Civ. 1835 (SJF) (AYS), 2020 WL 8771255, at *6 (E.D.N.Y. Dec. 29, 2020) (denying Rule 56(d) motion where plaintiff *had* strategically forgone discovery previously), *report and recommendation adopted* 2021 WL 650612 (E.D.N.Y. Feb. 19, 2021). Rather, with the case at an initial phase at which motions directed to the pleading are pending, he has not had an opportunity to pursue discovery. *Cf. id.* For the same reason, Wexler's request is by definition not cumulative. *See Alphonse Hotel Corp.*, 828 F.3d at 151; *cf. Melton*, 2021 WL 535661 at *6 (denying a Rule 56(d) motion where defendants had already produced all documents in their possession that were responsive to plaintiffs' discovery demands).

Finally, the limited scope and specificity of Wexler's request supports granting. "A court can reject a request for discovery, even if properly and timely made through a Rule 56[d] affidavit, if it deems the request to be based on speculation as to what potentially could be discovered." *See Littlejohn v. Consolidated Edison Co. of N.Y.*, No. 18 Civ. 6336 (KPF), 2019

WL 3219454, at *6 (S.D.N.Y. July 17, 2019) (discussing similar predecessor rule to Rule 56(d) and quoting *Paddington Partners*, 34 F.3d at 1138); *L.S. v. Webloyalty.com, Inc.*, 954 F.3d 110, 117 (2d Cir. 2020) (rejecting argument that further discovery "*might have* disclosed unspecified 'errors'" as too speculative (emphasis added)). Here, Wexler requests four specific documents, each relating to a putative transfer of his debt. *Compare Sullivan-Mestecky*, 2021 WL 650612, at *2 (denying request for further discovery, in part, because plaintiff's request failed to identify specific facts that likely exist that would undermine Magistrate Judge's Report), *with First on First Deli v. United States*, No. 21 Civ. 6965 (ALC) (KHP), 2022 WL 522427, at *2–3 (S.D.N.Y. Feb. 22, 2022) (granting in part Rule 56(d) motion where plaintiffs, who had burden of disproving each instance of trafficking, showed that some transactions might be legitimate). Defendants counter by arguing that Wexler, by submitting a single payment through LVNV's online portal, has admitted that they are Citibank's contractual assignees, but Defendants do not cite any admission by Wexler to that effect or case law assigning such meaning to the fact of a payment. *See* Def. Reply at 3–4; Def. Opp. at 3–4. If there is a factual or legal basis for such an argument, Defendants will be at liberty to pursue it after production of the agreements.

## CONCLUSION

For the foregoing reasons, the Court grants the motion to compel discovery. The Court orders Defendants to file the four agreements on the docket of this case by November 23, 2022. Defendants' renewed motion to compel arbitration, revised to take into account the agreements, is due December 2, 2022. Wexler's opposition is due December 9, 2022. Defendants' reply is due December 14, 2022.

The Clerk of the Court is respectfully directed to terminate the motions at docket 21 and the motion currently held in abeyance at docket 15.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: November 16, 2022
       New York, New York