PETER G. SIACHOS
PSIACHOS@GRSM.COM
DIRECT DIAL: (646) 808-6358

Admitted In:  NY, NJ, SC, DC and PA



ATTORNEYS AT LAW
ONE BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NY  10004
WWW.GRSM.COM

November 28, 2022

**VIA ECF**

Honorable Paul A. Engelmayer, U.S.D.J
U.S. District Court, Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    **Wexler v. LVNV Funding, LLC**
                  **Case No. 1:22-cv-01348-PAE**

Dear Judge Engelmayer:

      We represent Defendants LVNV Funding, LLC ("LVNV") and Resurgent Capital Services LP ("Resurgent") ("Defendants") in the above-referenced matter. We write in response to the correspondence (Dkt 28) submitted by counsel for Plaintiff Shimson Wexler ("Wexler") dated November 23, 2022 concerning the four agreements submitted by Defendants showing the chain of ownership of Wexler's credit card account.

      By way of background, in the Complaint, Wexler alleges that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d-g by attempting to collect the debt arising from his Citibank, N.A. ("Citibank") credit card account after he submitted a one-time settlement payment to Resurgent. (Dkt 1). On May 12, 2022, Defendants filed a motion to compel arbitration based on the arbitration provision in the Citibank Credit Card Agreement pursuant to which Wexler agreed to arbitrate "any claim, dispute or controversy . . . arising out of or related to your Account" and that the arbitration provision would apply to "[c]laims made by or against anyone connected with us or you." (Dkt 15). On July 8, 2022, Wexler filed a motion to compel Defendants to produce the following four documents:

1. The purchaser agreement whereby Citibank sold his account to Sherman Originator III, LLC;
2. The agreement whereby Sherman Originator III, LLC sold his account to Sherman Originator, LLC;
3. The agreement whereby Sherman Originator LLC sold his account to LVNV; and
4. The agreement between LVNV and Resurgent covering the placement of his debt with Resurgent and authorizing Resurgent to collect from him.

Honorable Paul A. Engelmayer, U.S.D.J
November 28, 2022
Page 2

On November 16, 2022, the Court entered and Order directing Defendants to file the four agreements on the docket. (Dkt 26). In accordance with the Order, Defendants submitted the following:

1. The Bill of Sale and Assignment dated March 12, 2020 that states, "For the value received and subject to the terms and conditions of the Master Purchase and Sale Agreement . . . and Addendum . . ., "[Citibank, N.A.] does hereby transfer, sell, assign, convey, grant, bargain, set over and deliver to [Sherman Originator III LLC], and to [Sherman Originator III LLC]'s successors and assigns, the Accounts described in Exhibit 1 and the final electronic file";
2. The Transfer and Assignment pursuant to which:
    a. "Sherman Originator III LLC ('SOLLC III') transfers, sells, assigns, conveys, grants and delivers to Sherman Originator LLC ('SOLLC') all of its right, title and interest in and to the receivables and other asserts (the 'Assets;) identified in Exhibit A, in the Receivable File dated March 02, 2020 delivered by Citibank, N.A. on March 12, 2020 for purchase by SOLLC II ON March 12, 2020" and
    b. "SOLLC, subsequent to the above mentioned transfer, hereby transfers, sells, assigns, conveys, grants and delivers to LVNV Funding "LVNV", the above mentioned Assets"; and
3. The Limited Power of Attorney pursuant to which LVNV grants Resurgent the power to manage its accounts.

(Dkt 27).

There is no question that Wexler's account was transferred, sold, assigned, and conveyed by Citibank to Sherman Originator III LLC regardless of whether there is also a Master Purchase and Sale Agreement (and Addendum thereto) that identifies the consideration exchanged for such a conveyance. This is further supported by the letter from Citibank to Wexler advising that his account "has been sold to Sherman Originator III LLC and is no longer owned by Citi." (See Dkt 20-2). Here, the arbitration provision in the Citibank Credit Card Agreement states that it applies to "[c]laims made by or against anyone connected with us or you." The documents already produced by Defendants demonstrate that Sherman Originator III LLC, Sherman Originator LLC, LVNV, and Resurgent are "connected with" Citibank.

The case cited by Wexler, *Rodriguez-Ocasio v. Midland Credit Management, Inc.*, No. 17-3630, 2021 WL 3758077 (D.N.J. Aug. 25, 2021), is distinguishable from the within matter in multiple respects. In t *Rodriguez-Ocasio*, the arbitration agreement between the plaintiff and the bank stated, "If either you or we make a demand for arbitration, you and we must arbitrate any dispute or claim between you . . . and us, our affiliates, agents and/or dealers/merchants/retailers that accept the card or program sponsors." *Id.* at *2. Notably, that arbitration provision is more limiting than one requiring the arbitration of claims made against anyone "connected with" the bank. In *Rodriguez-Ocasio*, the bill of sale also only transferred the "receivables," not the actual accounts. *Id.* at *5. This contrasts with the within matter where the bill of sale specifically transfers the "Accounts."

Honorable Paul A. Engelmayer, U.S.D.J
November 28, 2022
Page 3

      Through the documents already produced, Defendants have established that Wexler's account was transferred to Sherman Originator III LLC and then eventually transferred to LVNV.

      Based upon the foregoing, Defendants respectfully request that they not be compelled to produce additional documents. Defendants have no objection to Wexler's request that the briefing schedule set forth in the November 16, 2022 Order be held in abeyance pending this Court's ruling on this issue.

      We thank the Court for its attention to this matter.

                          Respectfully submitted,

                          GORDON REES SCULLY MANSUKHANI, LLP

                          *s/ Peter G. Siachos*

                          PETER G. SIACHOS

cc:    All Counsel of Record – Via ECF