# LAW OFFICES OF
# GUS MICHAEL FARINELLA PC

185 Cedar Lane – Suite U5 Teaneck, NJ 07666
Tel: 201-676-2007

110 Jericho Turnpike Suite 100 Floral Park NY 11001
Tel (516) 326-2333 Fax (516) 305-5566

*Gus Michael Farinella*  *Ryan L. Gentile*
*New York & DC Bar*  *New York & New Jersey Bar*

*Supreet Parmar*
*New York & New Jersey Bar*

December 20, 2022

**VIA ECF**
Honorable Paul A. Engelmayer, U.S.D.J
U.S. District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    Wexler v. LVNV Funding, LLC
            Case No. 1:22-cv-01348-PAE

Dear Judge Engelmayer:

    This office represents the Plaintiff in the above-referenced matter. We write this letter in response to LVNV Funding, LLC's and Resurgent Capital Services LP's ("Defendants") letter (Dkt. 33) and proposed confidentiality order (Dkt. 33-1).

    Plaintiff objects to any in camera review of the Master Purchase and Sale Agreement and the Addendum (collectively the "MPA"). This Court has already given the Defendants' its guidance on how to produce the MPA by previously telling them, on two occasions (Dkts. No. 26 and. 32), that they need to file the MPA on the docket of this case.

    Plaintiff also objects to receiving a redacted copy of the MPA. Defendants state in their letter that they are now, "in possession of a redacted version of the MPA."[1] It is respectfully submitted that it is highly improper for Defendants to unilaterally redact documents that are clearly relevant to this case and that this Court has ordered Defendants to turn over.

    "Sealed or redacted documents generally must be produced unredacted to the opposing side, when those documents are relevant discovery." *Jacques-Scott v. Sears Holdings Corp.*, No.

---

[1] Plaintiff finds it difficult to believe that Defendants did not have possession of an unredacted copy of the MPA when this case first began because according to the Defendants, Sherman Originator III, LLC and Defendants are all owned by the same parent company (Sherman Financial Group, LLC).

1

10-422-LPS-MPT, 2012 U.S. Dist. LEXIS 42025, at *7 (D. Del. Mar. 27, 2012). *See also FTC v. AbbVie, Inc.*, No. 14-5151, 2015 U.S. Dist. LEXIS 166723, at *26 (E.D. Pa. Dec. 14, 2015) (holding redaction of the nonprivileged email was improper). **It is improper for a party to unilaterally make redactions based on their subjective view of relevancy**. *Engage Healthcare Communs., LLC v. Intellisphere, LLC*, No. 12-cv-00787(FLW)(LHG), 2017 U.S. Dist. LEXIS 135101, at *11 (D.N.J. April 25, 2017) (collecting cases)(Emphasis Added).

> Redaction is an inappropriate tool for excluding alleged irrelevant information from documents that are otherwise responsive to a discovery request. It is a rare document that contains only relevant information. And irrelevant information within a document that contains relevant information may be highly useful to providing context for the relevant information. Fed. R. Civ. P. 34 concerns the discovery of "documents"; it does not concern the discovery of individual pictures, graphics, paragraphs, sentences, or words within those documents. Thus, courts view "documents" as relevant or irrelevant; courts do not, as a matter of practice, weigh the relevance of particular pictures, graphics, paragraphs, sentences, or words, except to the extent that if one part of a document is relevant then the entire document is relevant for the purposes of Fed. R. Civ. P. 34. This is the only interpretation of Fed. R. Civ. P. 34 that yields "just, speedy, and inexpensive determination[s] of every action and proceeding." Fed. R. Civ. P. 1.

*Bartholomew v. Avalon Capital Grp., Inc.*, 278 F.R.D. 441, 451-52 (D. Minn. 2011). *See also Toussie v. Allstate Insurance* Company, 2017 WL 4773374 (EDNY Oct. 20, 2017)*(citing Bartholomew); ArcelorMittal Cleveland Inc. v. Jewell Coke Co., L.P.*, 2010 U.S. Dist. LEXIS 133263 at *3 (N.D. Ohio Dec. 16, 2010) ("The Court is not persuaded that [Defendant] is entitled to redact information in its document production that it believes is irrelevant or non-responsive to [Plaintiff's] document request. Indeed, the language of Rule 34 discusses production of 'documents,' rather than paragraphs or sentences. The Court sees no compelling reason [to permit Defendant to withhold information it thinks is] not relevant or responsive where that information appears in a document that contains otherwise relevant or responsive information."); *In re Medeva Securities Litigation*, 1995 U.S. Dist. LEXIS 21895, at *8 (C.D. Cal. May 30, 1995) ("**The Court does not welcome unilateral editing of documents by the producing party**. Even when implemented with restraint and in good faith, the practice frequently gives rise to suspicion that relevant material harmful to the producing party has been obscured. It also tends to make documents confusing or difficult to use"). (Emphasis Added).

Additionally, attached hereto is *Rodriguez-Ocasio v. Midland Credit Management, Inc*, 2018 WL 7253691 (D.N.J. 2018). *Rodriguez-Ocasio* and this matter are materially identical. Both cases involve a defendant in an FDCPA case attempting to compel arbitration on the basis that they purchased the plaintiff's debt and can enforce the arbitration provision in the credit card agreement between the original creditor and the plaintiff. In *Rodriguez-Ocasio*, the Court ordered the defendant to produce unredacted portions of the purchase agreement at issue. It is respectfully submitted that this Court should follow the holding in *Rodriguez-Ocasio* and similarly order Defendants to produce unredacted portions of the MPA.

For the reasons stated above, Plaintiff submits that it is improper for Defendants to unilaterally redact nonprivileged material from the MPA. Plaintiff respectfully requests the Court

Order the Defendant to produce an unredacted copy of the MPA and not the redacted copy their letter says they have in their possession and are planning to produce.

                                                  Sincerely,

                                                  <u>/s/ Ryan Gentile</u>
                                                  Ryan Gentile, Esq.

Case 1:22-cv-01348-PAE   Document 34   Filed 12/20/22   Page 4 of 5

Rodriguez-Ocasio v. Midland Credit Management, Inc., Not Reported in Fed. Supp. (2018)

2018 WL 7253691
Only the Westlaw citation is currently available.
United States District Court, D. New Jersey.

Luis RODRIGUEZ-OCASIO,
on Behalf of Himself and Those
Similarly Situated, Plaintiffs,
v.
MIDLAND CREDIT MANAGEMENT,
INC., et al., Defendants.

Civil Action No. 17-3630 (ES) (MAH)
|
Signed 11/29/2018

**Attorneys and Law Firms**

Eva M. Pitts, Jason Robert D'Agnenica, Yongmoon Kim, Kim Law Firm LLC, Hackensack, NJ, for Plaintiffs.

Dana Brett Briganti, Ellen Beth Silverman, Hinshaw & Culbertson LLP, New York, NY, for Defendants.

**ORDER**

Michael A. Hammer, United States Magistrate Judge

*1 This matter having come before the Court by way of the parties' November 21, 2018 joint status report [D.E. 34] wherein the parties raised a dispute concerning Defendants' redactions to purchase agreements that were produced to Plaintiffs in discovery;

and Plaintiffs' counsel appearing to have made multiple attempts to inspect or acquire unredacted versions of the purchase agreements, *id.* at 1-2;

and Defendants having refused Plaintiffs' counsel access to unredacted versions of the purchase agreements, *id.* at 1;

and the Court having reviewed the parties' submission and considered the applicable law;

and the Court finding that unredacted purchase agreements are relevant in assessing the issue of arbitrability;[1]

and the Court further finding that Defendants have not articulated a valid basis for refusing to produce to or allow Plaintiffs' counsel to inspect unredacted purchase agreements;[2]

and for good cause shown;

**IT IS ON THIS 29th day of November 2018**,

**ORDERED** that Defendants shall produce to Plaintiffs unredacted copies of the subject purchase agreements **within fourteen days of the date of this Order.**

**All Citations**

Not Reported in Fed. Supp., 2018 WL 7253691

Footnotes

1   As Defendants have sought to compel arbitration of this matter, the Court has allowed limited discovery to ascertain whether a valid agreement to arbitrate exists between the parties. Letter Order, June 18, 2018, D.E. 24. Defendants do not contend, nor can they, that the subject purchase agreements are not discoverable. Rather, Defendants redacted portions of the subject purchase agreements that they submit pertain "... to confidential and proprietary information, such as purchase price and payment provisions, litigation strategies, and indemnification procedures." *See* Joint Status Report, D.E. 34 at 3. Defendants contend that the rights assigned to them under the purchase agreements are clear even from the redacted versions produced to Plaintiffs. *Id.* at 4. Defendants further contend that the "redacted provisions are not relevant to any argument Plaintiffs are attempting to make ..." *Id.* The Court is unpersuaded by Defendants' argument. Plaintiffs are entitled to unredacted versions of the subject purchase agreements not only to determine whether Defendants were assigned the rights to collect the debts, but also to determine whether Defendants were assigned the rights to compel arbitration for the specific accounts. *Id.*; *see also Garcia v. Midland Funding, LLC*, Civil Action No. 15-6119, 2017 WL 1807563, at *1-*4, (D.N.J. May 5, 2017) (analyzing which rights associated with the plaintiff's account the subject agreement conveyed to the defendant upon assignment). Without unredacted versions, Plaintiffs will not be able to do so.

**Rodriguez-Ocasio v. Midland Credit Management, Inc., Not Reported in Fed. Supp. (2018)**

Case 1:22-cv-01348-PAE   Document 34   Filed 12/20/22   Page 5 of 5

| | |
|---|---|
| 2 | To the extent Defendants regard the purchase agreements as containing confidential or sensitive material, it may produce the unredacted purchase agreements as confidential pursuant to the Discovery Confidentiality Order in this matter [D.E. 30]. |

---

**End of Document** © 2021 Thomson Reuters. No claim to original U.S. Government Works.