UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHIMSHON WEXLER, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> LVNV FUNDING, LLC and RESURGENT CAPITAL SERVICES LP, <br><br> Defendants. | Civil Action No. 1:22-cv-01348 <br><br><br> **CONFIDENTIALITY ORDER** |

It appearing that discovery in the above-captioned involves the disclosure of confidential information, it is ORDERED as follows:

1. The Master Purchase and Sale Agreement and Addendum (collectively the "MPA") referenced in the Bill of Sale and Assignment dated March 12, 2020 shall be designated as "Confidential" pursuant to this Order.

2. All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4 unless and until the restrictions herein are removed either by written agreement of counsel for the parties or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except by prior written agreement of counsel for the parties or by Order of the Court.

3. Confidential material shall be used only by individuals permitted access to it under Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality or (b) the Court orders such disclosure.

4. Material produced and marked as "Confidential" pursuant to this Order may be disclosed only to: (a) outside counsel for the receiving party, (b) the Court and Court personnel, (c) and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

5.  Any document designated as "Confidential" pursuant to this Order shall be filed under seal.

6.  If the need arises during trial or at any hearing before the Court for any party to disclose the MPA, it may do so only after giving notice to the producing party and as directed by the Court.

7.  To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Order.

8.  When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

9.  No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Order.

10.  This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

11.  This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

12.  Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential material and

to destroy, should such source so request, all copies of Confidential material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Order. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

IT IS SO ORDERED.

Dated: 12/22/22
New York, NY

_____
Hon. Paul A. Engelmayer, U.S.D.J.